**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| OSIRIS E. LOPEZ,            )<br>            Plaintiff,            )<br>vs.            )            No. 3:12-CV-0509-B-BH<br>            )<br>ERIC HOLDER, et. al,            )<br>            Defendants.            )            Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

On February 17, 2012, the plaintiff filed this *pro se* action against United States Attorney General Eric Holder under 42 U.S.C. § 1981. (*See* doc. 3.) He complained of the failure "to abide by the USDOJ Guidelines for Undercover and Sensitive Operations" and "to prosecute an Article III case concerning legitimate pastoral care by the Catholic Church . . . in violation of 18 USC 241 and 242, making normal resolution under 28 USC 1343 impossible." *Id.* He also requested unspecified preliminary injunctive relief. *Id.*

In response to a court questionnaire, the plaintiff clarified that he was also naming "appropriate officers of [the] Undercover Review Committee" as defendants.[1] (*See* doc. 9 at 1.) He reiterated his claim about the failure to abide by the USDOJ guidelines, which allegedly "caused violations of 18 USC 241, 242, 1512, and related, 3771, 28 USC 1331, 1332, and 1343", and of 42 U.S.C. §1981, and he also claimed that the FBI had "delayed or obstructed the prosecution, detection, or prevention of white collar crime, public corruption, espionage, terrorism, and organized

---

[1] Plaintiff's answers to the questions in the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

crime activity." (*See* doc. 9 at 2.) The plaintiff again requested a preliminary injunction, seeking "to prevent further violations of" federal laws; to have "municipal, county and state actions meant to frustrate this federal case" removed to federal court; to obtain "coram nobis to cancel the illegal indictment"; to prevent further misuse of the DOJ guidelines; his "transfer to the FBIA Legal Attache Program"; monetary compensation for the loss of his salary and expenses and his National Security Scholarship to finish his doctorate; medical and dental benefits; and permission to appeal and consolidate this case with his other cases via certified question to the U.S. Supreme Court because of the lack of counsel. *Id.* at 2-3.[2] No process has been issued.

## II. PRELIMINARY SCREENING

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

---

[2] Plaintiff filed four other federal cases against private parties in this district asserting violations of some of the same statutes he lists in this case. Three have been dismissed for lack of subject matter jurisdiction. *See Lopez v. Kora, et. al*, No. 3:12-cv-510-M (N.D. Tex. April 12, 2012); *Lopez v. Cunningham v. Moore*, 3:12-cv-511-B (N.D. Tex. March 27, 2012); *Lopez v. Dallas Ministry Center, et. al*, No. 512-cv-606-L (N.D. Tex. April 24, 2012). One remains pending. *See Lopez v. Dart Officer*, No. 3:12-cv-512-L (N.D. Tex.).

2

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the plaintiff has failed to plead enough facts to state any plausible claim that the defendants are liable for any of the damages he has allegedly incurred or to state any violation of any federal law or constitutional right by any defendant. To the extent that he complains of any federal prosecution decision, decisions whether to prosecute someone under federal law are generally not subject to judicial review. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995), *citing Wayte v. United States*, 470 U.S. 598, 607 (1985). There is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).

To the extent he claims that this Court has jurisdiction over either state criminal cases or a state indictment against him, the federal courts do not have the authority to judicially review any state criminal indictment except through federal habeas review. To succeed, he must show that the indictment is so deficient that the state court is without jurisdiction under state law. *See Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994), *citing Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Plaintiff has not made any such allegation in this non-habeas civil action.

As to plaintiff's remaining allegations, "[w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*,

681 F.2d 1039, 1053 (5th Cir. 1982). Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. A complaint lacks an arguable basis in fact if, when the plaintiff is provided the opportunity to present additional facts, the facts alleged are clearly baseless. *Id*. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Here, the plaintiff's claims lack an arguable basis in fact because they appear to be based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). The complaint should therefore be dismissed as frivolous.

### III.  RECOMMENDATION

This case should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 16th day of May, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE